# EXHIBIT <u>A-2</u>

Case 4:22-cv-02934   Document 1-3   Filed on 08/29/22 in TXSD   Page 2 of 12

7/22/2022 12:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66584543
By: Marcella Hill
Filed: 7/22/2022 12:53 PM

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. _____

| | | |
|---|---|---|
| **JESUS GARCIA AND OLGA LYDIA GARCIA** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **V.** | § § | _____ **JUDICIAL DISTRICT** |
| **JOHN DOE AND ESTES EXPRESS LINES** | § § § | |
| **Defendants.** | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR INTIAL DISCLOSURES, AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Jesus Garcia and Olga Lydia Garcia, hereinafter called Plaintiffs, complaining of and about John Doe and Estes Express Lines, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 1.

### PARTIES AND SERVICE

2.      Plaintiff, Jesus Garcia is an individual whose address is 13926 Towneway Drive, Sugar Land, Texas 77498.

3.      The last three numbers of Jesus Garcia's driver's license are 498. The last three numbers of Jesus Garcia's social security number are 453.

4.      Plaintiff, Olga Lydia Garcia is and individual whose address is 13926 Towneway Drive, Sugar Land, Texas 77498.

5.      The last three numbers of Olga Lydia Garcia's driver's license are 824. The last three numbers of Olga Lydia Garcia's social security number are 322.

6. Defendant, John Doe is the unknown driver that left the scene of the accident without exchanging information at the scene of the accident. Plaintiffs reserve the right to serve the said Defendant once the identity of the driver is known.

7. Defendant, Estes Express Lines, is a corporation doing business in the State of Texas, which may be served with process by serving its registered agent for service, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

**JURISDICTION AND VENUE**

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Plaintiffs seek:

   a. monetary relief less than $250,000.00.

10. Plaintiffs would show that Defendant Estes Express Lines engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

11. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

12. On August 28, 2020, Plaintiff, Jesus Garcia was a restrained driver and

Plaintiff, Olga Lydia Garcia was a restrained passenger of a 2008 Chevrolet Silverado, when Defendant John Doe who was recklessly driving the vehicle owned by Estes Express Lines failed to control his speed and violently rear-ended the Plaintiffs. Defendant John Doe then left the scene without exchanging information. Due to the recklessness of Defendants, John Doe and Estes Express Lines, Plaintiffs suffered injuries and the sole cause of the accident was the recklessness of the Defendants. Prior to the accident Plaintiffs enjoyed an active and healthy lifestyle.

13. On August 28, 2020, Defendant Estes Express Lines was the owner of the vehicle operated by John Doe.

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST JOHN DOE

14. Defendant, John Doe had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. Plaintiffs injuries were proximately caused by Defendant, John Doe's negligence, careless and reckless disregard of said duty.

16. The negligence, careless and reckless disregard of duty of Defendant, John Doe consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant John Doe failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant John Doe failed to turn his motor vehicle to steer away in an effort to avoid the collision complained of;

    C.    In that Defendant John Doe failed to maintain control of his motor vehicle in an effort to avoid the collision complained of;

    D.    In that Defendant John Doe was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence, in that he was driving his vehicle recklessly at an excessive speed; and

    E.    In that Defendant John Doe failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes.

**PLAINTIFFS' CLAIM OF
NEGLIGENCE PER SE AGAINST JOHN DOE**

17. Defendant, John Doe's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Section 545.062, and 545.351.

18. Defendant, John Doe failed to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, Defendant John Doe failed to safely stop without colliding with the preceding Plaintiffs vehicle.

19. The Texas Transportation Code Section 545.062 (a), in the relevant part states as follows: "An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

20. Further the Texas Transportation Code Section 545.351 in the relevant part states as follows: "(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing"

21. Plaintiffs are members of the class that Texas Transportation Code Sections 545.062 and 545.351 was designed to protect.

22. Defendant John Doe's unexcused breach of the duty imposed by Texas Transportation Code Sections 545.062 and 545.351 proximately caused the Plaintiffs injuries described herein.

## PLAINTIFFS' CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT ESTES EXPRESS LINES

23. On August 28, 2020, Defendant, Estes Express Lines was the owner of the vehicle operated by John Doe.

24. Defendant, Estes Express Lines entrusted the vehicle to John Doe, a reckless and incompetent driver.

25. Defendant, Estes Express Lines knew, or through the exercise of reasonable care should have known, that John Doe was a reckless and incompetent driver.

26. As described herein, Defendant John Doe was negligent on the occasion in question.

27. Defendant John Doe's negligence and recklessness was the proximate cause of Plaintiffs' damages.

## EXEMPLARY DAMAGES

28. Defendant John Doe's acts, or omissions described above, when viewed from the standpoint of Defendant John Doe at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential

harm to the Plaintiffs and others. Defendant John Doe had actual subjective awareness of the risks involved in the above-described acts or omissions, nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

29. Defendant Estes Express Lines acts, or omissions described above, when viewed from the standpoint of Defendant Estes Express Lines at the time of the act or omission, involved an extreme degree of risk considering the probability and magnitude of the potential harm to the Plaintiffs and others. Defendant Estes Express Lines had actual subjective awareness of the risks involved in the above-described acts or omissions, nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

30. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendants John Doe and Estes Express Lines.

## DAMAGES FOR PLAINTIFF, JESUS GARCIA

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jesus Garcia, was caused to suffer serious injuries, and to incur the following damages:

    A.    Reasonable medical, care and expenses, pharmaceutical charges in the past. These expenses were incurred by Plaintiff, Jesus Garcia, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.    Reasonable and necessary medical care and expenses, pharmaceutical charges which will in all reasonable medical probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering, which will in all reasonable probability,

          be suffered in the future;

E.     Loss of earnings in the past;

F.     Loss of earning capacity which will, in all probability, be incurred in the future;

G.     Mental anguish in the past;

H.     Mental anguish, in reasonable probability, will be suffered in the future;

I.     Disability and impairment in the past;

J.     Disability and impairment that, in reasonable probability, will occur in the future;

K.     Loss of household services in the past;

L.     Loss of household services that, in reasonable probability, will occur in the future;

M.     Attorney's Fees and Costs;

N.     Cost of medical monitoring and prevention, in reasonable medical probability will be incurred in the future;

O.     Property Damage; and

P.     Reasonable value of loss of use of the vehicle, and diminution of value of the vehicle driven by Plaintiff.

## DAMAGES FOR PLAINTIFF, OLGA LYDIA GARCIA

32.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Olga Lydia Garcia, was caused to suffer serious injuries, and to incur the following damages:

A.     Reasonable medical, care and expenses, pharmaceutical charges in the past. These expenses were incurred by Plaintiff, Olga Lydia Garcia, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses, pharmaceutical charges which will in all reasonable medical probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering, which will in all reasonable probability, be suffered in the future;

E. Loss of earnings in the past;

F. Loss of earning capacity which will, in all probability, be incurred in the future;

G. Mental anguish in the past;

H. Mental anguish, in reasonable probability, will be suffered in the future;

I. Disability and impairment in the past;

J. Disability and impairment that, in reasonable probability, will occur in the future;

K. Loss of household services in the past;

L. Loss of household services that, in reasonable probability, will occur in the future;

M. Attorney's Fees and Costs; and

N. Cost of medical monitoring and prevention, in reasonable medical probability will be incurred in the future.

**NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7**

33. Please take notice that, pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs intend to use any and all documents produced in response to written discovery by Defendants and all other parties to this action, against such party in any pretrial proceeding and in trial of this cause.

**INITIAL DISCLOSURES**

34. Pursuant to Texas Rules of Civil Procedure 194.1, effective for all cases filed after January 1, 2021, all parties, "must", without awaiting a discovery request, provide to the other parties the information or material described in Rule 194.2."

35. Unless otherwise agreed to by the parties or ordered by the court, a party cannot serve discovery until after the initial disclosures are due. Texas Rules of Civil procedure 192.2.

## MISNOMER/ALTER EGO

36. In the event that any parties are misnamed or are not included herein it is Plaintiffs contention that such was a "misidentification", "misnomer", and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## PRE-EXISTING CONDITION

37. In the alternative, Plaintiffs would show that if any injury and/or condition from which they currently suffer was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendants herein.

## SUBSEQUENT CONDITION

38. In the alternative, Plaintiffs would show that if they suffer from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## U.S. LIFE TABLES

39. Plaintiffs hereby notify the Defendants of their intention to use U.S. Life Tables as published by the U.S. Government in the Trial of this matter.

## ATTORNEY'S FEES

40. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and (b) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Jesus Garcia and Olga Lydia Garcia respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Lamba & Associates, PC

By:   /s/ Rahul Lamba
      Rahul Lamba
      Texas Bar No. 24031415
      Email: lawofficeofrahullamba@gmail.com
      11211 Katy Freeway, Ste 250
      Houston, Texas 77079
      Tel. (713) 467-7844
      Fax. (713) 467-7637
      Attorney for Plaintiffs
      Jesus Garcia and Olga Lydia Garcia

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rahul Lamba on behalf of Rahul Lamba
Bar No. 24031415
lawofficeofrahullamba@gmail.com
Envelope ID: 66584543
Status as of 7/22/2022 1:44 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rahul Lamba | | lawofficeofrahullamba@gmail.com | 7/22/2022 12:53:49 PM | SENT |
| Yaretzy Alejandro | | lambalegalassistants@gmail.com | 7/22/2022 12:53:49 PM | SENT |

366